UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
OMAHA, NEBRASKA

Alien No.:  A 240-103-041                                      Date:  July 21, 2025

**In the Matter of:**

**Floribertha MAYO ANICASIO,**                      **IN BOND PROCEEDINGS**

**Respondent.**

| ON BEHALF OF THE RESPONDENT: | ON BEHALF OF DHS: |
|---|---|
| Guy Weinstein, Esq. | Kourtney Greenfield, Assistant Chief Counsel |
| Roth Weinstein, LLC | U.S. Department of Homeland Security |
| 713 South 16th Street | Immigration and Customs Enforcement |
| Omaha, NE  68102 | 1717 Avenue H, Suite 174 |
| | Omaha, NE 6811 |

## BOND MEMORANDUM OF THE IMMIGRATION JUDGE

The respondent requested a bond redetermination hearing, which the Court held on July 10, 2025.  The Department of Homeland Security ("DHS") argued that the Court does not have jurisdiction to issue a bond because the respondent is an applicant for admission and is subject to mandatory custody pursuant to INA § 235(b)(2)(A).  The Court found that it appeared DHS utilized its authority under INA § 236 to arrest and detain the respondent, not its authority under INA § 235.  DHS issued a Warrant for Arrest of Alien (I-200) asserting such authority.  DHS also notified the respondent that the respondent could request review of the DHS no bond determination from the immigration judge (Form I-286 – Bond Exh. 4).  Both forms indicate that the authority DHS exercised for arrest and detention in this case was pursuant to INA § 236, a statute that gives the Court authority to redetermine bond if otherwise eligible and subject to other provisions such as INA § 236(c), which were not applicable here.  As such, the Court found it had jurisdiction, determined that the respondent was not a danger to the community and granted the respondent a bond in the amount of $15,000 to alleviate any flight risk concerns.  The Court believes the only issue DHS reserved appeal on is the mandatory custody claim.

The Court views the detention authority in INA § 235(b)(2)(A) to be warrantless arrest and detention authority.  While the Court understands that the post hoc issuance of an immigration warrant does not convert a § 235 case into a § 236 case, (*see Matter of Q. Li*, 29 I&N Dec. 66, fn. 4 (BIA 2025), there was no other authority asserted in DHS' filings.  The filing of the I-200 and I-286 were confusing at best if the respondent's arrest was a warrantless arrest subject to mandatory

| 1                                                                                           Decision:  A 240-103-041

Exhibit 2

custody under INA § 235(b)(2)(A). Additionally, other filings by DHS (*see*, e.g., Bond Exh. 2) indicate that this respondent was arrested based on an investigation and may have been a target of that operation, which also indicates that the respondent was apprehended after being targeted, i.e., a prospective arrest. Based on this analysis, the Court found it had jurisdiction under INA § 236(a) to redetermine bond.

_____
Alexandra Larsen
Immigration Judge

# Order of the Immigration Judge

Immigration Judge: Larsen, Alexandra  07/21/2025

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [  ] Noncitizen | [  ] Noncitizen c/o custodial officer | [ E ] Noncitizen atty/rep. | [ E ] DHS
Respondent Name : MAYO ANICASIO, FLORIBERTHA | A-Number :240103041
Riders:

Date:  07/21/2025  By:  CRNKOVICH, KARA, Court Staff

Exhibit 2